IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| JO M. RUSSELL, | ) |
| | ) |
|    Plaintiff, | )    **Case No. 1:11-CV-00071 JMM-JTK** |
| | ) |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, Commissioner, | ) |
| Social Security Administration | ) |
|    Defendant. | ) |

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**Instructions**

    This recommended disposition has been submitted to United States District Judge James M. Moody.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**Recommended Disposition**

    Before the Court is the Motion to Dismiss (DE #6) filed by Defendant Michael J. Astrue, Commissioner of the Social Security Administration, on January 27, 2012.  Defendant's Motion requests that the present action be dismissed because Plaintiff failed to comply with the relevant statute of limitations.  After reviewing the briefing of the parties, the Court finds that Defendant's Motion should be GRANTED.

1

**Discussion**

Plaintiff filed an application for disability insurance benefits that was denied at the initial and reconsideration levels. An Administrative Law Judge (ALJ) subsequently denied her claim on April 28, 2010. On June 20, 2011, the Appeals Council denied Plaintiff's request for review of the ALJ's denial of her claim. The June 20, 2011, action by the Appeals Council rendered the ALJ's decision the "final decision" of the Commissioner. Plaintiff did not file the instant civil action until sixty-seven days later on August 26, 2011.

The relevant statute of limitation provides that claimants may obtain a review of the Commissioner's "decision by a civil action commenced within sixty days after the mailing to [the claimant] of notice of such decision or within such further time as the Commissioner may allow." 42 U.S.C. § 405(g). The "mailing to the claimant" refers to the date that the claimant receives notice of the Appeals Council's decision. 20 C.F.R. § 404.981. The date received is presumed to be five days after the date on the notice, unless there has been a reasonable showing that it was not received within this period. 20 C.F.R. §§ 404.901, 422.210(c). The Eighth Circuit has upheld this limitations period. *Hammonds v. Bowen*, 870 F.2d 446, 448 (8th Cir. 1989) ("We have found no authority to support an exception to the sixty-day requirement for a claimant whose attorney fails to appeal within that time.").

Plaintiff's chief argument is that she might not have received the notice within five days of the Appeals Council's decision. In support, Plaintiff's counsel has attached envelopes from seven other clients showing that they did not receive their notices until six or seven days after the decision. Plaintiff claims that she does not actually know when she received notice because her attorney at the time did not timestamp the letter. This argument is unpersuasive because the

2

Court cannot ignore the presumption of five days based upon the experiences of seven claimants. Plaintiff's speculation that she may have received the notice seven days after the Appeals Council's decision is insufficient to justify an extension of the limitations period.

Plaintiff also contends that application of the limitations period would be inconsistent with the non-adversarial nature of these proceedings. However, the Court does not believe that deference to the Commissioner's decision to enforce the statute of limitations renders these proceedings adversarial. There is no indication that anyone other than Plaintiff was at fault here.

## Conclusion

The Court has carefully reviewed the briefing and finds that Defendant's Motion to Dismiss should be GRANTED. Accordingly, this action shall be DISMISSED WITH PREJUDICE.

SO ORDERED this 22nd day of March, 2012.

_____
United States Magistrate Judge